# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYATT ELLISON,<br><br>   Petitioner,<br><br>   v.<br><br>WARDEN MATEVOUSIAN,<br><br>   Respondent. | Case No.  1:15-cv-00982-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is presently incarcerated at the United States Penitentiary Atwater, in Atwater, California. Petitioner filed the instant petition on June 29, 2015, challenging his conviction in the Western District of Missouri for three counts of armed bank robbery and three counts of using a firearm during a crime of violence. Petitioner challenges his convictions under the aiding and abetting theory and the increases of the minimum mandatory sentence for this conviction pursuant to 18 U.S.C. § 924(c).

Petitioner argues that his sentence is contrary to the United States Supreme Court's recent

decision in <u>Alleyne v. United States</u>, 133 S.Ct. 2151, 2155 (2013), that under the Sixth Amendment, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Petitioner also asserts that the United States Supreme Court case of <u>Rosemond v. United States</u>, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014), altered the requirement for aiding and abetting, and that, as a result, his conviction should be overturned. Petitioner argues that he could have presented a defense to the 924(c) charges and shown that he did not have advance knowledge of the 924(c) crime at a time when he could have opted to walk away.

Petitioner previously filed a Section 2241 petition in this Court on January 29, 2015. <u>Ellison v. Matevousian</u>, 1:15-cv-00156-LJO-SMS.[1] That petition was dismissed on February 5, 2015.

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988); <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. <u>Tripati</u>, 843 F.2d at 1163. In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Grady v. United States</u>, 929 F.2d 468, 470 (9th Cir.1991); <u>Tripati</u>, 843 F.2d at 1162. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be

---

[1] Petitioner raises almost the same claims that he raised in his previous Section 2241 petition. The memorandum that is attached to the instant petition is nearly identical to the memorandum that was attached to the previous petition. The only difference in the memorandum attached to the instant case is that this memorandum contains a statement that "The Petitioner's request for authorization to file a second or successive § 2255 was denied on May 29, 2015." (ECF No. 1 at 10).

avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted). Therefore, the proper vehicle for challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. See Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner maintains that, in light of Alleyne, he was not found guilty beyond a reasonable doubt of the elements which triggered the mandatory minimum sentences. In Alleyne, the Supreme Court extended the reach of its decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and held that any fact that increases a mandatory minimum sentence is an element of the offense that must be proven to a jury beyond a reasonable doubt. Alleyne, 133 S.Ct. at 2158. Petitioner also argues that the jury in his case was not instructed with the appropriate jury instruction for aiding and abetting as determined by the Supreme Court in Rosemond. In Rosemond, the Supreme Court held that conviction on a charge of aiding and abetting a 924(c) violation requires proof of advance knowledge that a co-defendant would use or carry a gun. Rosemond, 134 S.Ct. at 1249-50.

Petitioner's claims are clearly direct challenges to Petitioner's conviction, not to the execution of his sentence. Indeed, Petitioner concedes as much in his Petition. Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), *cert. denied*, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (holding

that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241 pursuant to the "savings clause," when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

Ivy, 328 F.3d at 1060.

Petitioner argues that § 2255 is inadequate and ineffective for gaining relief on his claims because he did not have an opportunity to raise his Alleyne and Rosemond claims in his first § 2255 petition. On August 13, 2011, Petitioner filed a Section 2255 motion in the United States District Court for the Western District of Missouri. That Section 2255 motion was denied on June 11, 2012. The Supreme Court issued its decision in Alleyne on June 17, 2013, and in Rosemond on March 5, 2014. Therefore, both Supreme Court decisions were issued after the conclusion of Petitioner's first Section 2255 petition.

However, Petitioner has failed to demonstrate that his claims qualify under the "savings clause" of Section 2255 because Petitioner's claims present purely legal arguments that do not suffice to show Petitioner's actual innocence. See Marrero v. Ives, 682 F.3d 1190, 1193-95 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 1264, 185 L.Ed.2d 206 (2013). The standards announced by the various circuit courts for an "actual innocence" claim contain two basic features: actual innocence and retroactivity. E.g., Reyes–Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir.

4

1997). In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 "savings clause" is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

The decision in Alleyne is not relevant to the issue of whether Petitioner is actually innocent of the crime for which he has been convicted, which is the standard for a claim to qualify under the savings clause. See Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). As of the present time, the Ninth Circuit has not held that a petitioner's claim that he is innocent of the sentence qualifies for the savings clause, and therefore, Petitioner cannot avail himself of the savings clause on his Alleyne claim. See Marrero, 682 F.3d at 1194-95. Furthermore, the Ninth Circuit has determined that Alleyne does not apply retroactively to cases on collateral review. See Hughes v. United States, 770 F.3d 814 (9th Cir. 2014).

Petitioner's argument on his Rosemond claim is that he did not have advance knowledge that a firearm would be used in the commission of the offenses. Petitioner's argument only addresses whether the technical, legal elements of the crime were met. Petitioner has not set forth specific facts that, when the court considers in light of all of the evidence, make a convincing case that Petitioner did not commit the offenses that he was convicted of. Furthermore, Rosemond is presently inapplicable to cases that are on collateral review, such as the present case. Rosemond was decided on direct review, so the Supreme Court had no occasion to address an actual innocence claim and, instead, decided the underlying instructional error at the heart of the holding of Rosemond. Rosemond, 134 S.Ct. at 1252. The Fifth Circuit has held that there is no indication in the decision by the Supreme Court that the rule declared therein regarding the mental state required to aid and abet a § 924(c) offense would apply retroactively on collateral appeal. Reyes–Requena, 243 F.3d at 903. Therefore, Petitioner is unable to avail himself of the savings clause for his Rosemond claim.

Thus, as Petitioner has not satisfied the savings clause, he may not proceed under Section 2241.  Motions pursuant to § 2255 must be heard in the sentencing court.  28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65.  This Court lacks jurisdiction over the petition because this Court is only the custodial court and construes the petition as a §2255 motion.  See Hernandez, 204 F.3d at 864-65.  Accordingly, the Court does not have jurisdiction, and the petition must be dismissed.

### III.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's petition for writ of habeas corpus be DISMISSED as the petition does not allege cognizable grounds for relief in a petition filed pursuant to 28 U.S.C. § 2241.  This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 24, 2015**

UNITED STATES MAGISTRATE JUDGE